PAULINE RAOLASLOVIC, as Administratrix, etc., of MARTIN RAOLA-SLOVIC, Deceased, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

First Department, December 17, 1926.

**Ships and shipping — action for death of plaintiff's intestate who fell overboard from defendant's tug — captain of tug, in endeavor to save intestate from drowning, backed tug — resulting suction drew intestate beneath propeller and he was drowned — defendant is not liable.**

The defendant is not liable for the death of plaintiff's intestate, who fell overboard from one of defendant's tugboats and was drowned when the captain of the

tugboat, in an effort to save him, reversed the engine and backed the tugboat, which resulted in a suction that drew the intestate beneath the propeller. Error in judgment on the part of the captain of the tugboat as to the best way to save the intestate's life, does not constitute negligence.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1926, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*William Mann* of counsel [*Alex. S. Lyman,* attorney], for the appellant.

*Harold R. Medina* of counsel [*Joseph Levy* with him on the brief, *Levy & Becker,* attorneys], for the respondent.

PER CURIAM. The plaintiff seeks to recover damages from defendant for alleged negligence on the part of defendant's servant.

The captain of a tugboat owned by defendant, in attempting to reach and save the life of a deckhand, a member of the crew who had fallen overboard, reversed the engine and backed the tugboat. It is asserted by plaintiff that in so doing the resulting suction drew the deckhand underneath the propeller and caused his death by drowning.

No claim is made that the plaintiff's intestate was thrown into the water as the result of any negligence on the part of the defendant or its servants.

It is apparent, therefore, that the plaintiff seeks to hold the defendant liable because one employee in an attempt to save another employee, erred in his judgment as to the best method to pursue.

Assuming the facts as stated by the plaintiff, the defendant is not liable. (See *Maguire* v. *Barrett,* 223 N. Y. 49; *Lewis* v. *L. I. R. R. Co.,* 162 id. 52.)

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

Present — CLARKE, P. J., MERRELL, FINCH, MARTIN and BURR, JJ.

Judgment and order reversed, with costs, and complaint dismissed, with costs.